**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

THE KITCHEN CAFÉ LLC,

    Plaintiff,

v.

WOLFGANG PUCK LICENSING LLC,

    Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff The Kitchen Café LLC ("The Kitchen" or "Plaintiff"), for its Complaint against Defendant Wolfgang Puck Licensing LLC ("Wolfgang Puck" or "Defendant"), alleges as follows:

**Nature of the Action**

1. Since launching its first location in 2004, The Kitchen has operated farm-to-table restaurants and community outreach programs using the trademark THE KITCHEN and KITCHEN-formative marks across the United States, establishing itself as a leader of and well-known champion for the "real food" movement in America.

2. In 2012, Kimbal Musk, one of the founders of The Kitchen, met with Wolfgang Puck at his Spago Beverly Hills restaurant to discuss and share advice regarding Mr. Puck's experience in the restaurant industry and Mr. Musk's expanding footprint of THE KITCHEN restaurants and non-profit "learning gardens" that Mr. Musk has installed in hundreds of schools across the country under THE KITCHEN COMMUNITY mark.

3.      In 2015, without notice or warning to Mr. Musk, Defendant Wolfgang Puck Licensing LLC announced a new, competing restaurant concept under the same mark: THE KITCHEN. Defendants' unauthorized use of THE KITCHEN immediately caused confusion in the restaurant industry and marketplace, as people assumed that Mr. Musk has decided to affiliate with or license Wolfgang Puck.

4.      After learning that Wolfgang Puck was planning to open a competing restaurant called THE KITCHEN, Mr. Musk reached out to Mr. Puck in an attempt to discuss the market confusion that would be caused by him adopting an *identical* name. Mr. Musk hoped to convince Mr. Puck to modify or adopt a different name—and planned to suggest alternatives such as WOLFGANG PUCK'S KITCHEN or PUCK's KITCHEN. Mr. Puck did not return Mr. Musk's calls or take steps to eliminate the affiliation confusion caused by Defendants' adoption and use of THE KITCHEN.

5.      The Kitchen previously filed an Opposition action with Trademark Trial and Appeal Board of the United States Patent and Trademark Office to formally protest Wolfgang Puck's attempt to register THE KITCHEN formative marks. That filing did not deter Defendant, however, as it continued to open and/or license third parties to operate additional restaurants under THE KITCHEN mark. This continued and expanded infringement has necessitated this action to enjoin Defendant's further infringement of THE KITCHEN mark and to protect the significant resources and good will that The Kitchen has invested in building THE KITCHEN brand over the last 12 years.

## The Parties

6.      The Kitchen is a Colorado limited liability company with its principal place of business at 1980 8th Street, Boulder, CO 80302-5289.

7. Upon information and belief, Wolfgang Puck Licensing LLC is a Nevada limited liability company with a principal place of business at 3500 Las Vegas Blvd. South, Suite G-1, Las Vegas, Nevada 89109.

8. Upon information and belief, Defendant advertises, sells, and/or distributes its goods or services nationwide, including in Colorado, and their sales and distributions affect commerce in the United States.

## Jurisdiction and Venue

9. This action arises under §§ 1119 and 1125(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Colorado common law.

10. The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

11. This Court has personal jurisdiction over Defendant because Defendant is engaged in the systematic and continuous conduct of business in Colorado.  Upon information and belief, among other contacts, Wolfgang Puck owns, operates, licenses, or otherwise controls and benefits financially from the restaurant Wolfgang Puck Café, located at the Denver International Airport at 8500 Pena Boulevard, Concourse B, G8, Denver, Colorado 80249.

12. Moreover, Defendant, by its conduct set forth herein, has caused and continues to cause injury to The Kitchen in this District.

13. As such, Defendant's contacts in the State of Colorado are such that Defendant can reasonably anticipate that it would be subject to the jurisdiction of courts in Colorado.

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because Defendant's contacts with Colorado are sufficient to create personal jurisdiction over Defendant in Colorado and a substantial part of the events giving rise to the claims in this action occurred within this District.

**Background**

**The Origin and Growth of THE KITCHEN Restaurants**

15. Kimbal Musk and his co-founder Hugo Matheson opened their first restaurant in Boulder, Colorado under THE KITCHEN mark in 2004.

16. THE KITCHEN restaurant is a community-focused Modern American Bistro that serves fresh, seasonal, high quality food sourced from American farmers. THE KITCHEN is dedicated to environmentally-friendly practices, including composting, wind power, eco-friendly packaging, and recycling.

17. After its first THE KITCHEN restaurant proved a success, The Kitchen began opening additional restaurants under THE KITCHEN mark and a family of KITCHEN-formative marks, similarly dedicated to the community and providing "real food" to its guests. Examples of The Kitchen's use of THE KITCHEN mark at its restaurants are depicted below:





18. In 2005, The Kitchen opened THE KITCHEN UPSTAIRS in Boulder, a cocktail lounge and restaurant designed for sharing fresh food and good drinks with neighbors.

19. On June 13, 2011, The Kitchen opened its first THE KITCHEN NEXT DOOR restaurant in Boulder. THE KITCHEN NEXT DOOR is an Urban Casual American Eatery with an energetic bar and an all-day menu of food sourced from American farmers. While maintaining a commitment to fresh food and quality drinks, THE KITCHEN NEXT DOOR offers a more casual atmosphere. THE KITCHEN NEXT DOOR also supports local communities through its

50/4U, which donates 50% of sales from participating local non-profits and school groups back to those organizations and groups.

 

20. Since opening the original THE KITCHEN restaurant in Boulder, The Kitchen has opened four additional THE KITCHEN restaurants in Denver and Fort Collins, Colorado, Chicago, Illinois, and Memphis, Tennessee. The Kitchen has also opened two additional THE KITCHEN NEXT DOOR restaurants in Denver and Glendale, Colorado.

21. The Kitchen is planning to open additional restaurants in connection with THE KITCHEN mark in 2017, and is actively searching for additional restaurant sites across the country.

**The Kitchen's Commitment to Community and Providing Real Food to its Guests**

22. Consistent with The Kitchen's mission of drawing community together through fresh, healthy food, The Kitchen has supported school gardening projects in the Boulder community since 2009. In 2011, Mr. Musk and Mr. Matheson expanded THE KITCHEN brand further through creation of The Kitchen Community, Inc., a 501(c)(3) non-profit organization. The Kitchen Community builds outdoor Learning Garden classrooms in underserved communities throughout America under the brand THE KITCHEN COMMUNITY, which is owned by The Kitchen. See www.thekitchencommunity.org.

 

23. In particular, The Kitchen Community works with communities and schools, particularly in lower income areas, to teach children and families about growing their own food, nutrition, healthy eating, lifestyle choices, and the environment.

24. In December 2012, the City of Chicago with the support of Mayor Rahm Emanuel contributed $1 million to The Kitchen Community, which donation blossomed into over 100 Learning Gardens in Chicago city schools, and garnered substantial local and national press.

25. Through the commitment of its members and supporters, The Kitchen and the non-profit entity, The Kitchen Community, have raised tens of millions of dollars and built over 300 Learning Gardens in schools and communities across America (including in California, Colorado, Indiana, Pennsylvania, and Tennessee), impacting hundreds of thousands of students and their families.

**The Kitchen's Senior Trademark Rights to THE KITCHEN**

26. Over the last twelve (12) years, since opening its first THE KITCHEN restaurant in 2004, The Kitchen has invested considerable resources into developing its nationwide common law rights in THE KITCHEN mark for restaurant services and championing its mission to raise awareness about real food and provide real food to its guests.

27. THE KITCHEN branded restaurants have received numerous accolades from well-known, national publications, including *Food & Wine, Zagat's, Gourmet*, and the *James Beard Foundation*, with recent rankings among *OpenTable's* 100 best restaurants for foodies in the nation, MICHELIN Recommended, *Pub to Posh: The Chicago Traveler's* Top 10 Chicago Riverside Restaurants, *Travel + Leisure Magazine* Best Restaurants, *303 Magazine* 'Best Restaurant,' and a '38 Essential Restaurant' by Eater Denver.

28. THE KITCHEN mark is used and promoted together on the www.thekitchen.com website, The Kitchen's Instagram page (https://www.instagram.com/thekitchen/) and The Kitchen's Twitter account (https://twitter.com/thekitchen), as well as in fact sheets, press statements, branding, and other advertising and promotional materials.

29. The Kitchen is a nationally known brand. Kimbal Musk frequently speaks across America on food issues and has keynoted major food conferences such as TEDx Memphis, Milken Global in Los Angeles, New York Times 'Food for Tomorrow,' Chicago Ideas Week, National Restaurant Association Annual Show in Chicago, Eat Denver, World Future Summit in Washington DC, and many others. Further evidence of THE KITCHEN brand's notoriety is *Fast Company* naming The Kitchen one of the 10 most innovative food companies in the world.

30. As a result of the success and notoriety of THE KITCHEN-branded restaurants, and as a result of the Kitchen's extensive promotion efforts, THE KITCHEN mark has become widely and favorably known, nationwide, as identifying The Kitchen's THE KITCHEN restaurants. The public has come to associate THE KITCHEN mark exclusively with THE KITCHEN restaurants, including their commitment to fresh, real food sourced from American farmers.

31. In addition to its common law rights in THE KITCHEN mark, The Kitchen also owns several federal United States trademark registrations that incorporate THE KITCHEN, including THE KITCHEN UPSTAIRS (Reg. No. 4679061), THE KITCHEN NEXT DOOR (Reg. No. 4165447), and THE KITCHEN COMMUNITY THROUGH FOOD (Reg. No. 5411498). True and correct copies of the registration certificates for these marks are attached in Exhibit A.

**Kimbal Musk and Wolfgang Puck Meet in 2012 to Discuss THE KITCHEN Restaurants**

32. In October 2012, Mr. Kimbal Musk and Mr. Wolfgang Puck scheduled a meeting for lunch at Spago Beverly Hills to discuss their respective restaurant interests, experiences, and other topics. Mr. Musk, excited to be meeting who he considered an industry legend, discussed at length his THE KITCHEN-branded restaurants, including his plans for expanding both THE KITCHEN restaurants and THE KITCHEN COMMUNITY Learning Gardens to communities across the country. In response, Mr. Puck provided Mr. Musk with some of his sage advice based on his own experiences in the restaurant business.

33. After their lunch meeting, the two parted and Mr. Musk, pleased to have had the opportunity to meet Mr. Puck, thought nothing further of it. Following is a photograph of Mr. Musk and Mr. Puck taken during their meeting in October 2012.



34. In early September 2015, Mr. Musk learned of shocking news – Wolfgang Puck had decided to adopt and use "The Kitchen" as the name of his new full service restaurant concept.

35. Musk also learned that months earlier, on April 2, 2015, Wolfgang Puck Licensing LLC applied to register THE KITCHEN BY WOLFGANG PUCK (SN 86585406) and THE KITCHEN COUNTER BY WOLFGANG PUCK (SN 8658377) with the United States Patent and Trademark Office ("USPTO").

36. By adding Wolfgang Puck's personal name to Plaintiff's THE KITCHEN mark, Defendant misappropriated THE KITCHEN mark in a manner that falsely credits Wolfgang Puck with the origination of and goodwill associated with THE KITCHEN brand.

37. Defendant's new restaurant concept is commonly referred to as "The Kitchen" – the exact same mark that The Kitchen has been using and developing for twelve years, and the subject of Mr. Puck's and Mr. Musk's friendly discussion in 2012.

38. Below (and attached as Exhibit B) are examples of Wolfgang Puck's use of "The Kitchen" mark, showing a clear intent that Defendant's restaurants be recognized and referred to as simply "The Kitchen." Defendant's addition of "By Wolfgang Puck" in smaller, less noticeable text does little to distract customers from the dominant commercial impression of the mark—THE KITCHEN—which is identical to The Kitchen's brand, as shown below.




39. Third parties refer to Wolfgang Puck's THE KITCHEN-branded restaurants as "The Kitchen," including in articles by *Michigan Live* ("The Kitchen replaced Bentham's Riverfront Restaurant this year" and other references), the *Grand Rapids Business Journal* ("Austin Gresham . . . . will oversee culinary development at both The Kitchen and The Kitchen Counter."), *Greenville Online* ("The Kitchen's menu will follow suite with the things for which Puck is known …"), and *WTOP* ("The redevelopment remains ongoing at both airports with a new restaurant by Wolfgang Puck called 'The Kitchen' coming to Dulles later this year…").

40. Defendant Wolfgang Puck has expanded its competing THE KITCHEN restaurant into additional locations across the country, including the Amway Plaza Hotel in Grand Rapids, Michigan, Dulles International Airport, Reagan National Airport, Los Angeles International Airport, and has announced additional expansion plans such Greenville-Spartanburg International Airport, scheduled to open in December, 2016.

41. Defendant's continued expansion of THE KITCHEN restaurants, including into highly trafficked airports through which customers from across the country travel, has created actual consumer confusion. Individuals familiar with Plaintiff's THE KITCHEN restaurants have asked about The Kitchen's relationship with Wolfgang Puck and its new "The Kitchen" restaurants, some having mistakenly believed that The Kitchen has licensed rights to or otherwise associated with Wolfgang Puck.

## The Kitchen's Efforts to Avoid Confusion

42. Though surprised and dismayed by Wolfgang Puck's decision to adopt the same mark that he had personally discussed with Mr. Puck only a few years prior, Mr. Musk made several attempts to contact Mr. Puck personally in September 2015, hoping for an amicable resolution.

43. Mr. Puck never returned any of Mr. Musk's calls. After Mr. Musk's inquiries were ignored, The Kitchen, through counsel, raised the issue of actual and likelihood of confusion with Wolfgang Puck's counsel, suggesting that even a minor change to the mark, such as "Wolfgang Puck's Kitchen" would be comparatively less conflicting.

44. Defendant refused to consider any changes to its infringing use of "The Kitchen." Indeed, Defendant claimed that Mr. Puck had no recollection of a meeting with Mr. Musk in 2012 and refused to entertain Plaintiff's efforts to discuss reasonable changes or modifications to its use or expansion of THE KITCHEN mark.

45. Despite learning in 2012 about The Kitchen's longstanding use and investment in THE KITCHEN restaurants and related activities, and despite efforts by The Kitchen to discuss avenues to avoid a likelihood of confusion by modifying Defendant's use of THE KITCHEN mark, Wolfgang Puck refused to make any changes.

46. Wolfgang Puck is no stranger to trademark rights. It owns dozens of trademark registrations and aggressively enforces them, including by bringing oppositions against applications to register VIENNA BY WOLFGANG, THE ORIGINAL PIZZA PUCKS, and PUCK HOTEL, among others.

47. Under the circumstances – where Wolfgang Puck was on notice of The Kitchen's prior use of THE KITCHEN brand and could have chosen any combination of words to name its new restaurant concept – Wolfgang Puck's actions are willful and bound to harm both consumers and The Kitchen.

48. The intentional and willful nature of Defendant's unlawful acts renders this an exceptional case pursuant to 15 U.S.C. § 1117.

## COUNT I
### Unfair Competition Under The Lanham Act
### 15 U.S.C. § 1125(a)

49.     The Kitchen realleges and incorporates by reference the allegations contained in each of the paragraphs above.

50.     By virtue of its nationwide, continuous use of THE KITCHEN mark, The Kitchen has obtained senior, common law rights to THE KITCHEN mark throughout the United States well prior to Defendant's first use of THE KITCHEN mark.

51.     THE KITCHEN mark is inherently distinctive or has acquired distinctiveness as a result of Plaintiff's continuous and extensive advertising, marketing, and commercial success of THE KITCHEN restaurants over the last 12 years.

52.     Defendant has competed unfairly through its unlawful acts, including, without limitation, use of a false designation of origin which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.     Defendant's conduct constitutes an attempt to trade on the goodwill that The Kitchen has developed in THE KITCHEN mark.

54.     By its conduct, Defendant has caused The Kitchen irreparable harm, damage, and injury, and will continue to do so unless restrained and enjoined by this Court from further infringing THE KITCHEN mark.

55.     The Kitchen has no adequate remedy at law.

## COUNT II
### Refusal of Applications Under Federal Law
### 15 U.S.C. § 1119

56.     The Kitchen realleges and incorporates by reference the allegations contained in each of the paragraphs above.

57. The Kitchen possesses senior, nationwide, common law rights to its THE KITCHEN mark for restaurant services.

58. Because confusion is likely between The Kitchen's senior THE KITCHEN mark and Defendant's junior mark THE KITCHEN BY WOLFGANG PUCK (SN 86585406), with respect to use and registration in connection with identical restaurant services, the marks set forth in Defendant's Application should be refused registration in International Class 43, pursuant to 15 U.S.C. § 1052(d).

59. Pursuant to 15 U.S.C. § 1119, the Court should direct the USPTO to refuse registration in International Class 43 to the marks set forth in Defendant's Application, or else to cancel any such registration that may issue.

## COUNT III
### Trademark Infringement and Unfair Competition
### Colorado Common Law

60. The Kitchen realleges and incorporates by reference the allegations contained in each of the paragraphs above.

61. Defendant's actions described herein constitute unfair competition and trademark infringement in violation of the common law of the State of Colorado

62. Defendant's actions has been willful and deliberate.

63. Defendant's actions is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's restaurant services, or the affiliation, sponsorship, or other relationship between the parties in violation of the common law of the State of Colorado.

64. Defendant's conduct misappropriates The Kitchen's valuable intellectual property rights and trades on the goodwill symbolized by the distinctive and well-known THE KITCHEN mark, and is thereby likely to cause confusion or deception.

**Relief Sought**

WHEREFORE, The Kitchen requests that this Court:

A.      Grant preliminary and permanent injunctive relief enjoining Defendant and its principals, agents, servants, employees, successors, and assigns, and all those in privity, concert, or active participation with it, from:

   i.      imitating, copying, duplicating, manufacturing, producing, circulating, or otherwise making any use of THE KITCHEN mark or any mark confusingly similar to THE KITCHEN mark, including but not limited to THE KITCHEN by Wolfgang Puck;

   ii.     using any unauthorized copy or colorable imitation of THE KITCHEN marks, or false designation of origin or description, in such fashion as is likely to relate or connect Defendant with The Kitchen or cause confusion, including but not limited to THE KITCHEN by Wolfgang Puck;

   iii.    using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered, or sold by Defendant is sponsored, endorsed, connected with, approved, or authorized by The Kitchen;

   iv.     causing likelihood of confusion or injury to The Kitchen's business reputation and to the distinctiveness of THE KITCHEN mark by unauthorized use of identical or confusingly similar marks;

   v.      engaging in any other activity constituting unfair competition or infringement of THE KITCHEN mark or The Kitchen's rights in, or to use, or to exploit the same; and

   vi.     assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in paragraphs (i)-(v) above.

    B.       Find that Defendant is liable for the causes of action asserted in this Complaint.

    C.       Direct the USPTO to refuse registration in Class 43 to the marks set forth in Defendant's Application, pursuant to 15 U.S.C. § 1119, or else to cancel any such registration that may issue.

    D.       Grant an order requiring Defendant and its principals, agents, servants, employees, successors, and assigns of and all those in privity or concert with Defendant who receive actual notice of said order to deliver up, or at The Kitchen's election certify the destruction of, all signs, articles, promotional, advertising, and any other printed materials of any kind bearing THE KITCHEN mark, and any mark confusingly similar to THE KITCHEN mark.

    E.       Declare this case exceptional under 15 U.S.C. § 1117 and award The Kitchen its reasonable attorneys' fees and costs.

    F.       Grant to The Kitchen such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

### Jury Demand

The Kitchen demands a trial by jury on all issues so triable.

Respectfully submitted this 18th day of November, 2016.

*/s/ Timothy P. Getzoff* _____
Timothy P. Getzoff,
Nadya C. Davis
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: (303) 473-2700
tgetzoff@hollandhart.com
ncdavis@hollandhart.com

**ATTORNEYS FOR PLAINTIFF
THE KITCHEN CAFÉ LLC**

Plaintiff's Address:

1980 8th Street
Boulder, CO 80302-5289